**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4602**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

COREY ESTES,

             Defendant – Appellant.

─────────────

Appeal from the United States District Court for the Northern
District of West Virginia, at Wheeling.  Frederick P. Stamp,
Jr., Senior District Judge.  (5:05-cr-00013-FPS-JES-1)

─────────────

Submitted:  March 22, 2010          Decided:  May 20, 2010

─────────────

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

─────────────

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

─────────────

Brendan S. Leary, Assistant Federal Public Defender, Wheeling,
West Virginia, for Appellant.   John Castle Parr, Assistant
United States Attorney, Wheeling, West Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Corey Estes pled guilty pursuant to a plea agreement to conspiring to possess with intent to distribute more than five kilograms of cocaine and fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006). At sentencing, the district court determined that Estes had an advisory guidelines range of 262 to 327 months' imprisonment and sentenced Estes to 262 months' imprisonment. The district court later reentered judgment against Estes to reinstate Estes' appellate rights, and Estes timely noted his appeal from the reentered judgment.

On appeal, Estes has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] The Government has filed a motion to dismiss Estes' appeal based on the waiver of appellate rights in Estes' plea agreement. We affirm in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). The

---

[*] Estes was informed of his right to file a pro se supplemental brief. He has not done so.

2

question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168. Generally, if the district court specifically questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

Estes knowingly and voluntarily waived his right to appeal any sentence within the maximum provided in the statute of conviction. We therefore grant the motion to dismiss in part, and dismiss the appeal to the extent it relates to Estes' sentence.

In his Anders brief, Estes questions whether the district court complied with Rule 11 in accepting his guilty plea. The appellate waiver provision does not preclude our review of this issue, and we therefore deny the motion to dismiss in part. During the plea hearing, the district court properly informed Estes of the nature of the charges and penalties he faced and the rights he was forfeiting as a result of his plea. The court also found that Estes was competent and entered his plea knowingly and voluntarily and that there was a sufficient factual basis for the plea. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We find

that the district court fully complied with Rule 11 in accepting Estes' plea, and therefore we affirm Estes' conviction.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Estes' conviction and dismiss the appeal of his sentence.  This court requires that counsel inform Estes, in writing, of the right to petition the Supreme Court of the United States for further review.  If Estes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Estes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

4